No. 02-554

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 57N

IN THE MATTER OF K.M., Jr.,

    Youth In Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDJ 2002-043-Y(a)
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lawrence A. LaFountain, Great Falls, Montana

    For Respondent:

        Mike McGrath, Montana Attorney General, Ilka Becker, Assistant Attorney General, Helena, Montana; Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: January 16, 2003

Decided:  March 27, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant, K.M., Sr., appeals an order of the Eighth Judicial District Court, Cascade County, finding K.M., Jr., to be a Youth in Need of Care and granting the State of Montana's (State) petition for temporary legal custody. We affirm.

¶3 We address the following issue on appeal: Did the District Court err in denying K.M., Sr.'s motion for continuance based on lack of notice?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶4 K.M., Sr. is the father of K.M., Jr., a boy, and the stepfather of S.H. and B.H., two girls. During the time period at issue here, K.M., Jr. was nine years old, S.H. was thirteen years old, and B.H. was twelve years old. On December 12, 2001, the Eighth Judicial District Court issued a no contact order prohibiting K.M., Sr. from contact with S.H. and B.H. in part due to evaluations which identified him as both a Level 1 Sex Offender and as dependent on drugs. On March 3, 2002, S.H. and B.H. were reported missing from foster care. Two notes left by S.H. indicated that the girls were with K.M., Sr.

¶5 On March 4, a social worker assigned to investigate the disappearance interviewed

2

K.M., Jr. at school. K.M., Jr. indicated that his father was out of town. K.M., Jr. also stated that his father said they would celebrate his March 3 birthday when he returned. Also on March 4, K.M., Sr. missed an appointment with a social worker. On March 6, K.M., Sr. missed an appointment regarding K.M., Jr.'s Individual Education Plan (IEP) at school. Finally, K.M., Sr. also missed an appointment regarding AFDC payments.

¶6 As part of her investigation, the social worker attempted to locate K.M., Sr. at his parents' trailer where K.M., Sr., and K.M. Jr., were apparently living. When she visited the trailer, no one responded to her knocking. Further, the trailer appeared abandoned and all the windows were blocked with tin foil. The social worker was eventually able to contact K.M., Sr.'s parents. They indicated that he left their trailer on March 2, that they were not concerned about K.M., Sr. leaving, that they had no way of contacting him and that they had no idea when he would return.

¶7 Based on the information discovered as a result of S.H. and B.H.'s disappearance, K.M., Jr. was removed from the care of K.M., Sr.'s parents on March 7. On March 12, the Department of Health and Human Services (DPHHS) filed a Petition for Emergency Protective Services, Adjudication as Youth in Need of Care, and Temporary Legal Custody and Request for Service by Publication regarding K.M., Jr. Attached to the petition was an affidavit of the investigating social worker indicating her findings as discussed above. The affidavit also noted that by missing the IEP, K.M., Sr. created a serious concern, as federal law requires both that an IEP be created for special educational needs children and requires the presence and approval of a legal custodian before an IEP can be conducted.

3

¶8 On April, 13, K.M., Sr. was detained in the state of Washington while attempting to return to the United States from Canada. S.H. and B.H. were with him. All three were ultimately returned to Cascade County.

¶9 On June 26, the court held a hearing regarding the petition filed on behalf of DPHHS. As part of its case, the State sought to enter testimony from the investigating social worker regarding her findings on the possible neglect of K.M., Jr. However, K.M., Sr. made a motion for continuance, asserting that the petition only alleged that K.M., Sr. was unable to parent K.M., Jr. due to his sex offender status, not any other neglect issues. Therefore, K.M., Sr. argued that he was not given proper notice of the testimony being offered at the hearing and that he was entitled to a continuance. The District Court denied his motion and allowed the State's testimony.

¶10 Specifically, the social worker testified that she learned K.M., Jr. apparently had no access to clean drinking water at the trailer. Further, she also learned he seemed to be extremely surprised at the amount of food available to him in foster care. In addition, the social worker testified that K.M., Sr.'s parents seemed unconcerned that by virtue of K.M., Sr.'s absence, K.M., Jr.'s IEP could not be approved. Finally, she also testified that prior to the events at issue, she learned that K.M., Jr. often arrived at school unkempt and hungry, that he was often aggressive, and that he was a grade behind for his age.

¶11 Based on this testimony, the testimony of the principal at K.M., Jr.'s school, and the testimony of another social worker who was transporting K.M., Jr. for visits with his grandparents, the District Court granted the State's petition. K.M., Sr. now appeals.

## II. STANDARD OF REVIEW

¶12     We review discretionary trial court rulings, such as a ruling on a motion for continuance, to determine if the court abused its discretion. *In re R.F.*, 2001 MT 199, ¶ 21, 306 Mont. 270, ¶ 21, 32 P.3d 1257, ¶ 21.

## III. DISCUSSION

¶13     **Did the District Court err in denying K.M., Sr.'s motion for continuance based on lack of notice?**

¶14     K.M., Sr. asserts that the District Court erred in denying his motion for continuance because he was not given the notice required by § 41-3-422(2), MCA. Specifically, he asserts that the petition regarding K.M., Jr. only mentioned that he was a sex offender, but did not mention any other grounds upon which the DPHHS could base its case for temporary legal custody of K.M., Jr.

¶15     The State asserts that K.M., Sr. was given proper notice of the basis for the State's case as required by § 41-3-422(2), MCA. Specifically, the State points to language in the petition and the attached affidavit of the investigating social worker. The State also notes that K.M., Sr. attached a copy of the affidavit to his brief on appeal that was missing a page with pertinent language. Based on this discrepancy, the State points out that the complete affidavit was properly entered in the court record and therefore, K.M., Sr. was on notice of the entire document because a missing page would have been apparent from a reading of the document.

¶16     After reviewing the petition, the affidavit and the court record, we agree with the

5

State. Section 41-3-422(2), MCA, requires a petition to "be accompanied by an affidavit by the department alleging that the child appears to have been abused or neglected and stating the basis for the petition." The basis for the petition at issue here is stated in the petition under part A., subpart V., entitled "Specific Type of Abuse or Neglect." The petition states that the nature of the abuse alleged is "emotional abuse and exposure to unreasonable risk." Further, the petition specifically incorporates the social worker's affidavit.

¶17    The affidavit itself relates the facts as stated above before K.M., Jr. was removed. Specifically, the affidavit mentions that K.M., Sr. failed to appear for the scheduled meeting regarding K.M., Jr.'s IEP and failed to appear at other scheduled meetings with a social worker and at the AFDC office. The affidavit also points out that K.M., Sr. apparently left without celebrating K.M., Jr.'s birthday and that K.M., Sr. was in violation of a court order regarding S.H. and B.H.

¶18    Further, it appears from the record that the full affidavit was properly entered. A reading of the version submitted by K.M., Sr. on appeal, indicates that the full document is missing from his copy because although page numbers are not included, the sentence on page three is not continued on page four. Also, the roman numerals used to outline the document are not consecutive on K.M., Sr.'s copy. Therefore, if K.M., Sr. was not in possession of the full affidavit, he had a duty to retrieve the complete document as it appeared in the record. Accordingly, the petition regarding K.M., Jr. complied with § 41-3-422(2), MCA, and K.M., Sr. was properly notified of the basis for the State's assertion of temporary legal custody of K.M., Jr. As a result, the District Court's denial of K.M., Sr.'s

motion for continuance was not error and the court properly allowed the State's testimony regarding K.M., Jr.'s emotional abuse and exposure to unreasonable risk.

## IV. CONCLUSION

¶19 Because the District Court did not abuse its discretion when it denied K.M., Sr.'s motion for continuance, we affirm.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE